IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESS T. LAMMERS,<br><br>                 Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>                 Defendant. | 7:21CV5009<br><br>**MEMORANDUM<br>AND ORDER** |
| JESS T. LAMMERS,<br><br>                 Plaintiff,<br><br>vs.<br><br>STACY A. OTT,<br><br>                 Defendant. | 7:21CV5011<br><br>**MEMORANDUM<br>AND ORDER** |
| JESS T. LAMMERS,<br><br>                 Plaintiff,<br><br>vs.<br><br>AG VALLEY COOPERATIVE NON-STOCK,<br><br>                 Defendant. | 8:21CV354<br><br>**MEMORANDUM<br>AND ORDER** |

| | |
|---|---|
| JESS T. LAMMERS,<br><br>    Plaintiff,<br><br>vs.<br><br>COOPERATIVE PRODUCERS, INC.,<br>CPI;<br><br>    Defendant. | 8:22CV65<br><br>MEMORANDUM<br>AND ORDER |

  Plaintiff Jess Lammers has filed a Motion to be Found Competent to Exercise 6th Amendment Rights in all of his pending cases in this court. (Filing 10 in Case No. 7:21CV5009; Filing 10 in Case No. 7:21CV5011; Filing 27 in Case No. 8:21CV354; Filing 7 in Case No. 8:22CV65.) In each motion, Plaintiff claims he is being held at the Lincoln Regional Center by a "moot" state-court order in a criminal case, which he has appealed.[1] Plaintiff asserts that he is "fit for trial," that "federal court trumps state court," and he requests injunctive relief from this court in the form of finding him competent and ordering his release from the Lincoln Regional Center.

  Because a "preliminary injunction is . . . appropriate to grant intermediate relief *of the same character as that which may be granted finally*" and not for matters "lying wholly outside the issues in the suit," *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) (emphasis added), a party moving for such relief "must necessarily establish a relationship between the injury claimed in the party's

---

[1] The state-court criminal case is *State v. Lammers*, No. CR 20-32 (Phelps County District Court, Judge John H. Marsh) on a 3A felony charge of terroristic threats. The Plaintiff has filed an appeal with the Nebraska Court of Appeals (No. A 22-106) from Judge Marsh's December 6, 2021, order in the state-court criminal case finding Plaintiff in contempt of court for failing to submit to a psychological evaluation, as previously ordered. The order states that the evaluation will be performed by the Lincoln Regional Center if no other mental-health provider is suggested or selected. Both cases are still pending. *See* https://www.nebraska.gov/justice/case.cgi.

motion and the conduct asserted in the complaint," *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). A plaintiff may not obtain a preliminary injunction "based on new assertions of mistreatment that are entirely different from the claim[s] raised and the relief requested" in his underlying complaint. *Devose*, 42 F.3d at 471; *see also Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action."); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").

Plaintiff's Motions for injunctive relief ask this court to find him competent to stand criminal trial in state court and to order his release from the Lincoln Regional Center. These requests are in no way related to the subject matter of the cases in which he has filed his Motions. In Case No. 7:21CV5009, Plaintiff attempts to challenge a child-support order and to allege 42 U.S.C. § 1983 claims against state patrol and city police officers. In Case No. 7:21CV5011, Plaintiff purports to assert section 1983 claims against Nebraska and South Dakota for child-support irregularities, against the Nebraska State Patrol for unlawful arrest, against a state judge for recusing herself from one of Plaintiff's cases, and against unnamed state and county employees for violating various state and federal criminal statutes. In Case No. 8:21CV354, Plaintiff asserts claims for wrongful termination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Nebraska Fair Employment Practices Act ("NFEPA"), Neb. Rev. Stat. § 48-1101, *et seq*. In Case No. 8:22CV65, Plaintiff brings claims under the ADA.

Because Plaintiff's Motions for injunctive relief are not of the same character as the claims and relief sought in the cases in which the Motions for injunctive relief were filed, such relief cannot be granted. Further, as a pretrial detainee seeking to attack the legality of his confinement at the Lincoln Regional Center pending criminal charges in state court, Plaintiff must file a separate habeas corpus action in

order to challenge his confinement. *See*, *e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody").

IT IS ORDERED that Plaintiff's Motions to be Found Competent to Exercise 6th Amendment Rights (Filing 10 in Case No. 7:21CV5009; Filing 10 in Case No. 7:21CV5011; Filing 27 in Case No. 8:21CV354; Filing 7 in Case No. 8:22CV65) are denied without prejudice to filing a separate habeas corpus action challenging Plaintiff's confinement.

DATED this 23rd day of March, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge