IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JESS T. LAMMERS,

        Plaintiff,

vs.

COOPERATIVE PRODUCERS, INC.,
a/k/a CPI,

        Defendant.

8:22CV65

MEMORANDUM
AND ORDER

      Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis (Filing 5). Plaintiff sues under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq.*; the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. § 48-1101 *et seq.*; and 42 U.S.C. § 1983, claiming that Defendant failed to hire him after he requested that Defendant waive one of its "preferred qualifications" for a job as an accommodation for Plaintiff's disability. The court performed an initial review of Plaintiff's Complaint and invited Plaintiff to file an amended complaint to address certain deficiencies. (Filings 1, 12.) Plaintiff has now filed an Amended Complaint and a Supplement thereto.[1] (Filings 13, 15, 16.)

      Pursuant to 28 U.S.C. § 1915(e), the court must determine whether summary dismissal of Plaintiff's Amended Complaint is warranted. In doing so, the court has applied the same standards of review discussed in its prior Memorandum and Order and has recalled its prior detailed discussion of the law relevant to the claims Plaintiff now asserts. (Filing 12.)

---

[1] The Plaintiff's Amended Complaint and its Supplement will be referred to collectively as the "Amended Complaint."

Construing Plaintiff's Amended Complaint liberally, holding Plaintiff to "a lesser pleading standard than other parties," *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted), and noting that the Plaintiff has satisfactorily addressed the deficiencies in his Amended Complaint insofar as his ADA and NFEPA claims are concerned, the court concludes that Plaintiff's ADA and NFEPA claims may proceed to service of process. *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004) ("if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework"). However, Plaintiff's 42 U.S.C. § 1983 claim will be dismissed for failure to allege facts indicating that Defendant, a private corporation, is a state actor that may be sued under section 1983. (Filing 12 at CM/ECF p. 10.) The court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Amended Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

Accordingly,

IT IS ORDERED:

1. Plaintiff's claims under the Americans with Disabilities Act and the Nebraska Fair Employment Practice Act may proceed to service of process.

2. Plaintiff's 42 U.S.C. § 1983 claim is dismissed for failure to state a claim upon which relief can be granted.

3. The Clerk of Court is directed to complete a summons form and a USM-285 form for Defendant Cooperative Producers, Inc., a/k/a CPI, using the following address: **Cooperative Producers, Inc., 265 N. Showboat Blvd., Hastings, NE 68901**. The Clerk of Court shall forward the summons form and USM-285 form for such Defendant, together with a copy of the Amended Complaint (Filing 13) and its

Supplement (Filing 16) and a copy of this Memorandum and Order, to the Marshals Service. **The Marshals Service shall serve the Defendant at the addresses listed above.** Service may be accomplished as described in Federal Rule of Civil Procedure 4(h)(1).

4. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

5. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this Order to complete service of process upon the Defendant. The Clerk of Court shall set a case-management deadline accordingly.

6. Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

DATED this 31st day of October, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

3